# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TROY ASHLEY, | ) |
| | ) |
| Petitioner, | ) |
| | )   Civil Action No. 3:11-CV-455 JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Troy Ashley, a *pro se* prisoner, filed an amended habeas corpus petition (ECF 6) in an attempt to challenge his conviction and eight-year sentence by the Madison Superior Court (48E01-0812-FD-429) for operating a vehicle while intoxicated as a habitual substance abuser. The respondent argues that the claims raised in this petition are procedurally defaulted because Ashley has not presented any of them to the Indiana Supreme Court and the time for doing so has now expired.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Here, Ashley took a direct appeal to the Indiana Court of Appeals, but he did not seek transfer to the Indiana Supreme Court. (ECF 12-3 at 3-4.) He filed post-conviction relief petition, but he did not appeal the denial of that petition. (ECF 12-12 at 3.) Ashley does not dispute that his claims have never been presented to the Indiana Supreme Court. (*See* ECF 14; *see also* ECF 6 at 3 and 5.)[1] Accordingly, his claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Here, Ashley makes no effort to explain why he did not present his claims to the Indiana Supreme Court. Rather, he merely argues that his rights have been violated and that his claims have merit. (ECF 14.)

Alternatively, a habeas petitioner can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Establishing a fundamental miscarriage of justice requires proof that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003) (emphasis in original). Here, Ashley does not argue that he is actually innocent of these crimes. Moreover, his claims, even if meritorious, provide no basis for inferring that he could be actually innocent. Ashley argues that he was

---

[1] Though Ashley states that he tried to present ground four to the Indiana Supreme Court by seeking leave to file successive post-conviction relief, that filing was presented only to the Court of Appeals of Indiana which denied him leave to file a successive petition. In any case, "[A]n unauthorized successive petition is not considered 'properly filed' under Indiana law." *Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir. 2005). Therefore Ashley did not present this claim to the Indiana Supreme Court.

denied a fast and speedy trial. (ECF 6 at 3.) He argues that his trial judge had a conflict of interest because he had represented Ashley in a prior proceeding. *Id.* He argues that his attorney was ineffective for taking a direct appeal. (ECF 6 at 5.) And he argues that his sentences should have been run concurrently rather than consecutively. (*Id.*) Because he has not demonstrated that he is actually innocent, Ashley has not overcome the procedural default.

For the foregoing reasons, the petition (ECF 6) is **DENIED**.

**SO ORDERED** on October 1, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE